ALFORD, Judge.
This is an appeal from a judgment in favor of defendants-appellees, Floyd and Era Dugas Gaspard, dismissing the petition of the plaintiffs-appellants, Guy Dugas, and Kelly Dugas, individually and in his capacity as administrator of the estate of Yirgie Ramagos Dugas.
Mrs. Virgie Ramagos Dugas was the mother of plaintiffs, Guy and Kelly Dugas, and of defendant, Era Dugas Gaspard. On October 27, 1967, Mrs. Dugas purchased from Charles Banta, Jr., a certain house and lot which are the subject of this litigation. The act of sale indicates that Mrs. Dugas purchased the property for $700.00 and executed a mortgage on the property, payable in monthly installments of $17.00 each at the address of defendants, Era Dugas Gaspard, and her husband, Floyd Gaspard. On May 14, 1971, Mrs. Dugas executed an act of sale of the subject property to defendants for a recited consideration of $204.00.
Plaintiffs attack the sale of May 14, 1971, as a donation in diguise in violation of LSA C.C. art. 2444 in that the stated purchase price of $204.00 was below one-fourth of the real value of the property at the time of the sale. The parties stipulated that the value of the property at the time of the sale was $1,000.00.
As noted above, when Mrs. Dugas purchased the property in 1967, she executed a mortgage for $700.00 in favor of defendants. Testimony unobjected to at trial indicated that Mrs. Dugas had paid only $204.00 of that mortgage, leaving a balance of $496.00.
A mortgage is a real right on property which follows the property into whatever hands it passes. LSA C.C. art. 3282. When the qualities of debtor and creditor are united in the same person, there arises a confusion of right, which extinguishes the obligation. LSA C.C. art. 2217. Under the facts of this case the mortgage obligation followed the property into defendants’ hands. Because defendants stood as both debtor and creditor on the mortgage, the mortgage was extinguished upon the purchase of the property. However, that does not affect the fact that the mortgage obligation was part of the “price” paid by defendants for the immovable. See Russell v. Culpepper, 344 So.2d 1372 (La.1977). Accordingly, we find that the price paid by defendants was not below one-fourth of the real value of the immovable at the time of the sale. The judgment of the trial court in favor of defendants is affirmed. Costs of this appeal are to be paid by plaintiffs-appellants.
AFFIRMED.